IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                          **CAUSE NO. 1:21CR54-LG-RHW**

**ALVIN RAY LUCAS**

### ORDER DENYING MOTION TO REVEAL CONFIDENTIAL INFORMANT

**BEFORE THE COURT** is the [54] Motion to Reveal Confidential Informant filed by the defendant, Alvin Ray Lucas. Lucas was charged with possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). In the instant Motion, Lucas notes that his co-defendant, Sonya Contreyas Fulcher-Massey, has since passed away. Lucas argues that the case against him relies primarily on confidential sources from the local jails, either the Stone County Jail or with the Bureau of Prisons, making very incriminating stories against him. (Def.'s Mot., at 1, ECF No. 54). The Government filed a motion in opposition to Lucas' request, claiming that, in addition to the confidential informant's version of events, there is evidence such as recorded telephone calls, money transfers, and recent jail calls. (Gov.'s Opp., at 1, ECF No. 61). The Government maintains that Fed. R. Crim. P. 16 and 26.2 does not require the Government to disclose the identity of the informant. *See also* 18 U.S.C. § 3500.

Courts are to use a three-factor test to determine whether the identity of a confidential informant should be revealed: (1) the level of the informant's activity; (2) the helpfulness of the disclosure to the asserted defense; and (3) the

Government's interest in nondisclosure. *United States v. Ibarra*, 493 F.3d 526, 531 (5th Cir. 2007) (citation omitted).  In this case, the Government attests to various corroborating evidence of the confidential informant's version of events, such as wire transfers and a recent jail call in which Lucas admitted to being a middleman for the distribution of methamphetamine.  (Gov.'s Opp., at 1, ECF No. 61).  There is also evidence, as the Government argues, of recorded telephone calls, money transfers, text messages, and shipping information proving that Lucas and his co-defendant conspired together to ship methamphetamine to an undercover officer working with the Drug Enforcement Administration.  (*See id.*).  Although instrumental to the Government's case, the Court does not find that revealing the confidential informant warranted at this time.  Moreover, Fed. R. of Crim. P. 16 and 26.2 do not require a disclosure at this stage in the criminal justice process

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [54] Motion to Reveal Confidential Informant filed by the defendant, Alvin Ray Lucas, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of January, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE