IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                              CAUSE NO. 1:21-cr-54-LG-BWR-1

**ALVIN RAY LUCAS**

## ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL

**THIS MATTER IS BEFORE THE COURT** to evaluate whether Defendant, Alvin Ray Lucas, is competent to stand trial.  After reviewing the confidential forensic psychological evaluation report submitted to the Court and considering the testimony, evidence, and argument presented at the competency hearing conducted on August 11, 2022, the Court finds that Defendant is competent to stand trial.

### BACKGROUND

On June 15, 2021, Defendant was indicted for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A).  Beginning in December 2021, Defendant began addressing letters to the undersigned, which detail his grievances, theories and general thoughts about his case.  On March 17, 2022, Defendant, through counsel, filed a [72] Motion for Psychiatric Exam, citing mental illness diagnoses and allegations of Defendant's erratic and irrational behavior.  Later, Defendant's counsel [75] supplemented the Motion with a specific recommendation as to the psychologist to evaluate Defendant.  Meanwhile, Defendant continued to submit letters to the Court regarding his case.

Defendant was evaluated by Dr. Lesli Johnson, a forensic psychologist, who opined that "there was no objective information to indicate that Mr. Lucas suffers from signs or symptoms of a major mental disorder, such as an affective disorder (e.g., Bipolar Disorder), psychotic disorder (e.g., Schizophrenia), or an organic disorder, that would impair his present ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense."  (Forensic Evaluation, at 19, ECF No. 83).

The Court conducted a competency hearing pursuant to 18 U.S.C. 4247(d), on August 11, 2022.  At the hearing, the Government introduced into evidence the forensic psychological evaluation report, accompanied by testimony from Dr. Johnson, who explained in detail her observations and reasoning.  The Government also introduced into evidence a telephone recording of Defendant discussing in detail his factual and legal theories about his case.  Defendant offered no evidence to contradict the report or the conclusions therein.  Finally, the Court introduced into evidence a comprehensive exhibit containing all of the letters submitted by Defendant to the Court, which display his tenacity, presence of mind and argumentation concerning his case.

## DISCUSSION

When deciding whether a defendant is competent to stand trial, courts must determine "by a preponderance of the evidence" whether "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to

the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

> To be deemed competent, the defendant must have the present ability to consult with his lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings against him. A district court can consider several factors in evaluating competency, including, but not limited to, its own observations of the defendant's demeanor and behavior; medical testimony; and the observations of other individuals that have interacted with the defendant. A defendant who has it within his voluntary control to cooperate, is not incompetent merely because he refuses to cooperate.

*United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011) (internal citations, alterations, and quotation marks omitted). Based on Dr. Johnson's report, the telephone recording and letters submitted by Defendant to the Court, and without any contradictory evidence or testimony, the Court finds by a preponderance of the evidence that Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. As a result, Defendant is competent to stand trial.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant, Alvin Ray Lucas, is **COMPETENT** to stand trial.

**SO ORDERED AND ADJUDGED** this the 16th day of August, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE